No. 585 July 2, 2025 591

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DILLAN JOSEPH CASHMAN,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR19912; A181845

Ladd J. Wiles, Judge.

Submitted March 6, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Defendant appeals a judgment convicting him of six counts of unlawful use of a weapon (UUW), ORS 166.220, and one count of felon in possession of a firearm (FIP), ORS 166.270.[1] In eleven assignments of error, he challenges (1) the trial court's denial of his motion to suppress certain evidence discovered in a warranted search of his cell phone, (2) the trial court's denial of his demurrer to the FIP counts on the ground that they violate the Second Amendment to the United States Constitution, and (3) the trial court's admission of evidence based on the Association of Firearm and Toolmark Examiners (AFTE) methodology that identified bullets and bullet casings as having been fired from a particular firearm. Recent case law from this court and the Supreme Court has resolved all but one of defendant's assignments of error—his eleventh—and we need not reach that assignment in light of our other conclusions. Under the governing case law, we reverse and remand for reconsideration of defendant's motion to suppress and a new trial that excludes the AFTE identification evidence.

*First Assignment: Motion to Suppress.* As the state concedes, defendant's first assignment of error is well taken in light of the Supreme Court's holding in *State v. Turay*, 371 Or 128, 532 P3d 57 (2023). Accordingly, we reverse and remand for the court to conduct new analysis regarding the consequences of the unlawful search categories in the warrant.

*Second through Eighth Assignments: Demurrer on FIP Counts.* Defendant's second through eighth assignments are resolved by our recent holding in *State v. Parras*, 326 Or App 246, 257, 531 P3d 711 (2023), *rev dismissed by order as improvidently granted*, March 4, 2025. The trial court did not err in denying defendant's demurrer.

---

[1] Defendant was charged with two counts of attempted aggravated murder (Counts 1 and 6), two counts of attempted second-degree murder (Counts 2 and 7), two counts of attempted first-degree assault (Counts 3 and 8), seven counts of UUW (Counts 4, 5, 9, 10, 11, 12, and 13), and seven counts of FIP (Counts 14 through 20). The jury acquitted defendant of Counts 1, 2, 3, 6, 7, and 8 and found him guilty of six UUW counts (Count 13 was dismissed), and the trial court found him guilty of the seven FIP counts. The court entered convictions on each of the six UUW verdicts and merged the seven FIP verdicts into a single FIP conviction.

*Ninth through Eleventh Assignments: AFTE Identification Evidence.* We recently held in *State v. Adams*, 340 Or App 661, \_\_\_ P3d \_\_\_ (2025), that the state's AFTE methodology foundation evidence did not meet the requirements for expert scientific evidence to be admitted at trial. *See id.* at 701 ("The subjective nature of the AFTE method, and the related fact that each practitioner has a different rate of error, makes it impossible for the court to ensure that the persuasive appeal of the evidence to the jury is legitimate. We therefore conclude on this record that the state did not carry its burden of showing that the AFTE method is scientifically valid." (Internal quotation marks and citation omitted.)). Based on our analysis in *Adams*, and our review of the record in this case, defendant's ninth and tenth assignments of error are well taken. Accordingly, we remand for a new trial.

In defendant's eleventh assignment of error, he challenges testimony by a non-expert witness that appeared to relay the substance of the AFTE identification evidence. In light of our disposition, we need not reach that assignment, which is unlikely to arise on remand.

Reversed and remanded.